Daniel P. Collins (State Bar Id No. 009055)
Theodore P. Witthoft (State Bar Id No. 021632)
**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
Chase Tower, Suite 2210
201 North Central Avenue
Phoenix, Arizona 85073-0022
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: twitthoft@cmpbglaw.com

Attorneys for Chapter 7 Trustee, David A. Birdsell

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | Chapter 7 |
| THOMAS J. HAGGERTY, | No. 2:05-bk-17574-CGC |
| Debtor. | **TRUSTEE'S MOTION: (1) FOR MONETARY JUDGMENT AGAINST DEBTOR; AND (2) FOR JUDGMENT REVOKING DISCHARGE OF DEBTOR** |

The Chapter 7 Trustee, David A. Birdsell ("Trustee"), by and through his attorneys, Collins, May, Potenza, Baran & Gillespie, P.C., hereby requests the Court enter judgment against Thomas J. Haggerty ("Debtor") in the amount of $15,000, plus interest at ten percent (10%) interest per annum until paid in full and revoke Debtor's discharge. This Motion is supported by the accompanying Memorandum of Points and Authorities, attached exhibit and the entire record before the Court, all of which is incorporated herein by this reference.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to the terms of the settlement order ("Order") entered in adversary no 2:06-ap-00891-CGC, the Debtor was obligated to pay the Trustee the amount of $20,000.00 at ten percent (10%) interest over a period of 24 months under the terms and conditions set forth

1

herein ("Settlement Amount"). The Debtor was obligated to pay the Trustee $500.00 per month for 24 months, with the first payment being due on or before January 15, 2007. At the end of the 24 month-period, the Debtor was obligated to pay the remaining Settlement Amount. The Debtor has defaulted under the terms of the Order. A true and correct copy of the Order is attached hereto as Exhibit "A" and incorporated herein by this reference.

Pursuant to the Order, in the event the Debtor is in default under any of the payments to the Trustee, the Trustee may, after thirty (30) days written notice of default to Debtor's counsel and Debtor submit a form of nondischargeable judgment against the Debtor in the amount of $25,000 plus interest at ten percent (10%) interest per annum until paid in full. In addition, the Trustee may submit a form of judgment to the Court revoking the Debtor's discharge, pursuant to 11 U.S.C. § 727. On February 12, 2009, the Trustee filed his Notice of Default and provided a written copy of the Notice of Default to the Debtor and Debtor's attorney.

The Debtor has paid the Trustee the amount of $10,000 of the Settlement Amount. That amount should be subtracted from the $25,000 judgment the Trustee is entitled to against the Debtor.

WHEREFORE, the Trustee respectfully requests the Court enter nondischargeable judgment against the Debtor in the amount of $15,000, plus interest at ten percent (10%) interest per annum until paid in full, and enter judgment revoking Debtor's discharge, pursuant to 11 U.S.C. § 727.

Respectfully submitted this 23rd day of April, 2009.

COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.

By _____
Theodore P. Witthoft
Attorneys for Plaintiff, David A. Birdsell,
Chapter 7 Trustee

| | |
|---|---|
| 1 | Copy of the foregoing |
| 2 | mailed this 13th day of April, 2009, to: |
| 3 | |
| 4 | United States Trustee<br>230 North First Avenue, Suite 204 |
| 5 | Phoenix, Arizona 85003-1706 |
| 6 | David A. Birdsell |
| 7 | 216 North Center<br>Mesa, Arizona 85201 |
| 8 | Trustee |
| 9 | |
| 10 | Robert Beucler, Esq.<br>Phillips & Associates |
| 11 | 3030 North Third Street, Suite 1100<br>Phoenix, Arizona 85012 |
| 12 | Attorneys for Debtor |
| 13 | |
| 14 | Thomas J. Haggerty<br>Box 210 |
| 15 | 6929 North Hayden Road, Suite C4<br>Scottsdale, Arizona 85252 |
| 16 | Debtor |
| 17 | |
| 18 | /s/ Lisa Harnack |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

3

SO ORDERED.

Dated: February 05, 2007



_____
CHARLES G. CASE, II
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Proceedings Under Chapter 7 |
| THOMAS J. HAGGERTY, | Case No. 2:05-bk-17574-CGC |
| Debtor. | |
| DAVID A. BIRDSELL, in his capacity as chapter 7 Trustee, | Adversary No. 2:06-ap-00891-CGC |
| Plaintiff, | ORDER APPROVING JOINT MOTION TO APPROVE SETTLEMENT |
| v. | |
| THOMAS J. HAGGERTY, | |
| Defendant. | |

This matter having been brought on the Joint Motion to Approve Settlement ("Joint Motion") filed by the Chapter 7 Trustee, David A. Birdsell ("Trustee") and the Debtor Thomas J. Haggerty ("Debtor"); the Joint Motion having been properly noticed to all interested parties as evidenced by the Certificate of Mailing on file with this Court at Docket No. 7; there having been no timely objection to the Joint Motion; and good cause appearing therefor,

EXHIBIT A

IT IS HEREBY ORDERED that the Joint Motion is approved in its entirety under the Ninth Circuit Court of Appeals Opinion *In re Woodson*, 839 F.2d 610 (9th Cir. 1988).

IT IS FURTHER ORDERED that the Debtor shall pay the Trustee the amount of $20,000.00 at ten percent (10%) interest over a period of 24 months under the terms and conditions set forth herein ("Settlement Amount"). The Debtor shall pay the Trustee $500.00 per month for 24 months, with the first payment being due on or before January 15, 2007. Payment shall be made in the form of a check made payable to "David A. Birdsell, Trustee" and delivered to the Trustee's office on or before the 15th of each month. Each payment is due by the 15th day of each month. At the end of the 24 month-period, the Debtor shall immediately pay the remaining settlement amount. In the event the Debtor is in default under any of the payments to the Trustee, the Trustee may, after thirty (30) days written notice of default to Debtor's counsel and Debtor submit a form of nondischargeable judgment against the Debtor in the amount of $25,000 plus interest at ten percent (10%) interest per annum until paid in full. In addition, the Trustee may submit a form of judgment to the Court revoking the Debtor's discharge, pursuant to 11 U.S.C. § 727.

IT IS FURTHER ORDERED that the Debtor, except as set forth herein, releases the bankruptcy estate, the Trustee and Trustee's counsel from any and all claims, which he may now have, or ever has had, whether known or unknown, in law or equity, arising out of state or federal law.

IT IS FURTHER ORDERED that the Trustee, except as set forth herein, releases the Debtor from any and all claims raised in this adversary proceeding, including the Trustee's adversary claims, as defined in the Joint Motion, which the estate may now have, or ever has had, whether known or unknown, in law or equity, arising out of state or federal law.

/ / /

2

1     IT IS FURTHER ORDERED that in the event of any action to enforce, construe or
2 declare the rights of the parties under this settlement agreement, the prevailing party in such
3 action shall be entitled to recover their costs, expenses, and reasonable attorneys' fees.
4     DATE: _____, 2007.



Honorable Charles G. Case
United States Bankruptcy Judge

3